IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD I. LAING,

       Plaintiff,        Civil No. 08-1274-AA

       v.               ORDER

THEODORE KULONGOSKI, et al.,

       Defendant.

AIKEN, District Judge.

    Plaintiff's complaint seeks relief from a 2008 Commit Order of the Oregon Security Review Board (PSRB) based on a 2006 Civil Rights of Institutionalized Persons Act (CRIPA) report regarding the Oregon State Hospital.

    Defendants move to dismiss (#21) on the ground that any claim plaintiff may have is precluded and because CRIPA does not provide for a private right of action.

    The relevant facts are as follows. On May 8, 2008, the PSRB held a hearing regarding plaintiff and, based in

1 - ORDER

significant part on plaintiff's stipulations, concluded that plaintiff was subject to the jurisdiction of the PSRB. <u>See</u>, May 8, 2008 Commit Order at p. 3-4 [attached to plaintiff's complaint].  Plaintiff waived his right to appeal the order except with respect to "the issue of the Board's extension of jurisdiction based on the issue of [plaintiff's] leaving the custody of the Oregon State Hospital without permission." <u>Id</u>. at p. 4.

Pursuant to ORS 161.385, plaintiff could have obtained review of that issue in the Oregon Court of Appeals by filing the appropriate petition within 60 days of May 8, 2008. Plaintiff did not appeal the extension of the Board's jurisdiction within 60 days and is now precluded from doing so.

As noted above, while represented by counsel, plaintiff waived his right to appeal other aspects of the Board's order including he finding that plaintiff suffers from a mental disease or defect that, when active, renders him a substantial danger to others.

On the face of the Order attached to plaintiff's complaint, he is precluded form re-litigating any part of the order challenged in this action. <u>See</u>, <u>North Clackamas School Dist. v. White</u>, 305 Or 48, 53 (1988) [re: elements of issue

2 - ORDER

preclusion].

In addition, plaintiff's complaint fails to state a claim under, 42 U.S.C. § 1991-1997j, because CRIPA creates no private right of action. See, McRorie v. Shimoda, 795 F.2d 780, 782 n.3 (9th Cir. 1986).

To the extent plaintiff's allegations can be construed as a claim for civil rights violations under 42 U.S.C. § 1983, any such claim is barred by the two year statute of limitations. See, Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002).

Defendants' Motion to Dismiss (#21) is allowed. This action is dismissed with prejudice.

IT IS SO ORDERED

DATED this   17   day of April, 2009.

                          /s/  Ann Aiken
                         Ann Aiken
                         United State District Judge